UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD DOVER,

                Petitioner,                                  Case No.  1:12-CV-499

v.                                              HON. GORDON J. QUIST

UNITED STATES OF AMERICA,

                Respondent.

_____/

## OPINION DENYING PETITION FOR WRIT OF CORAM NOBIS

On May 15, 2012, Petitioner, Donald Dover, filed a petition for writ of coram nobis pursuant to 28 U.S.C. § 1651.[1]  Dover challenges his 1997 conviction for bank fraud.  Dover claims that (1) he did not make his guilty plea voluntarily, knowingly, or intelligently; (2) he received ineffective assistance of counsel; (3) he is actually innocent; (4) the government failed to make a motion for reduction of sentence pursuant to United States Sentencing Guideline § 5K1.1; and (5) the indictment was defective because it failed to establish federal jurisdiction and was duplicitous.  The Government has filed a response.  After careful review of Dover's petition and the pertinent portions of the record, the Court will deny Dover's petition.

## I.  PROCEDURAL HISTORY

On December 19, 1996, a grand jury indicted Dover and twelve others in the Western District of Michigan, charging them with bank fraud in violation of 18 U.S.C. § 1344.[2]  On May 1, 1997, Dover pled guilty to the original indictment by written plea agreement.  On September 22,

---

[1] Originally docketed as a motion pursuant to 28 U.S.C. § 2255.

[2] *United States of America v. Dover*, No. 1:96-CR-210.

1997, Dover appeared before this Court for sentencing.  The Court sentenced Dover to 78 months incarceration followed by five years of supervised release, a fine of $10,000.00 and restitution of $481,942.99.  On May 11, 2000, Dover was resentenced to 60 months incarceration upon remand from the Court of Appeals for the Sixth Circuit.  Dover has since served his incarceration sentence and five years of supervised release.

On August 6, 2008, Dover was indicted for a bank fraud conspiracy in the Eastern District of Michigan.[3]  On December 4, 2009, he pled guilty and, on July 30, 2010, the district judge sentenced Dover to 115 months incarceration and restitution of $6,375,573.37.  On March 25, 2011, his conviction was affirmed by the Sixth Circuit.  On September 27, 2011, Dover filed a motion pursuant to 28 U.S.C. § 2255, challenging his Eastern District conviction, which the district judge denied on August 1, 2012.  Dover is currently in the custody of the Federal Bureau of Prisons serving his Eastern District sentence.

## II.  WRIT OF CORAM NOBIS

In his present petition, Dover seeks a writ of coram nobis, challenging his Western District conviction.  At common law, the writ of error of coram nobis was used as a device for correcting fundamental errors.  *United States v. Johnson*, 237 F.3d 751, 753 (6th Cir. 2001).  Procedurally, the writ is a step in a criminal case process, but it is essentially a motion of the same general character as a § 2255 motion.  *United States v. Morgan*, 346 U.S. 502, 505–06, 74 S. Ct. 247, 249–50 (1954); *Johnson*, 237 F.3d at 754.  The writ of coram nobis "is an extraordinary writ and jurisdiction of the court to grant relief is of limited scope."  *United States v. Norman*, 391 F.2d 212, 213 (6th Cir. 1968).  The Sixth Circuit has permitted petitioners to seek writs of coram nobis to challenge their

---

[3]*United States of America v. Dover*, No. 4:08-CR-20419.

2

federal convictions or sentences when a§ 2255 motion is no longer available, such as when petitioners are no longer in custody. *See, e.g.*, *Blanton v. United States*, 94 F.3d 227, 231 (6th Cir. 1996). "In custody" refers to custody for the conviction or sentence under attack in the petition for writ, not custody for a subsequent conviction. *See Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S. Ct. 1923, 1925 (1989). "[T]he Sixth Circuit has stated that a coram nobis petition should be granted only when the petitioner demonstrates the following: (1) an error of fact, (2) unknown at the time of trial, (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." *United States v. Coleman*, No. 91-80936, 2008 WL 4966712, at *1 (E.D. Mich. Nov. 17, 2008) (citing *Flippins v. United States*, 747 F.2d 1089, 1091 (6th Cir. 1984) and *Blanton*, 94 F.3d at 231 (6th Cir. 1996)). "Thus a defendant is not entitled to a writ of coram nobis when he or she only alleges an error of law." *Id.* (citing *Moore v. United States*, 79 F. App'x 788, 790 (6th Cir. 2003)).

### III. DISCUSSION
#### A. Errors of Law

As a preliminary matter, Dover's arguments for a writ of coram nobis predominantly allege errors of law. Writs of coram nobis are only available to correct errors of fact. *See, e.g.*, *id.* Therefore, to the extent that Dover alleges errors of law, a writ is unavailable as a remedy. Nonetheless, because some of Dover's arguments could be construed as alleging errors of fact, the Court will address the merits of Dover's arguments.

#### B. Laches Doctrine

The Government argues that Dover should be barred from receiving a writ of coram nobis because Dover waited for fifteen years after his conviction to bring this petition. The Sixth Circuit has held that the doctrine of laches applies to coram nobis petitions. *Blanton*, 94 F.3d at 231. In

3

*United States v. Morgan*, the Supreme Court stated that coram nobis petitioners must demonstrate that "sound reasons" exist for a petitioner's failure to seek appropriate earlier relief.  346 U.S. 502, 512, 74 S. Ct. 247, 253 (1954).   "[S]ound policy dictates that coram nobis claims be brought as early as possible to prevent the suffering imposed by illegal convictions and to prevent the government from being prejudiced in its efforts to reprosecute meritorious cases." *Blanton*, 94 F.3d at 231.  "Unlike a limitations period, which bars an action strictly by time lapse, laches bars a claim if unreasonable delay causes prejudice to the defendant." *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994).  "A party asserting laches must show: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting it." *Herman Miller, Inc. v. Palazzetti Imps. & Exps.*, 270 F.3d 298, 320 (6th Cir. 2001).

The Government argues that (1) Dover was aware of the claims in his petition long before he filed it, (2) Dover has failed to present newly discovered evidence, and (3) a fifteen-year delay is prejudicial to the Government.  Dover argues that the mental health treatment records attached to his petition are new evidence.

First, Dover has not provided the Court with "new" evidence because, at the time of the plea hearing, Dover made the Court and his attorney aware that he had a history of mental illness and the Presentence Report outlines Dover's history in detail.  Second, even if the evidence is "new," Dover fails to provide an explanation for why he could not access it before now.  Thus, Dover's actions demonstrate a lack of diligence.  Finally, regarding prejudice, a fifteen-year delay presents a serious risk of prejudice to the Government in reprosecuting the case.  *See, e.g.*, *United States v. Darnell*, 716 F.2d 479, 481 (7th Cir. 1983) (twenty-year delay is unreasonable); *Johnson v. United States*, 334 F.2d 880, 883–84 (6th Cir. 1964) (fifteen-year delay is unreasonable).  Therefore, the Court agrees with the Government that the doctrine of laches bars Dover's petition.  However, the Court will address the merits of Dover's claims in the alternative.

4

## C. Competence

Dover first argues that he did not make his guilty plea voluntarily, knowingly, or intelligently because he has a history of mental illness.  The test for determining whether a defendant is competent to enter a guilty plea is the same test that is used to determine whether a defendant is competent to stand trial.  *Williams v. Bordenkircher*, 696 F.2d 464, 466 (6th Cir. 1983).  "The constitutional test is whether the accused 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'" *Id.* (quoting *Dusky v. United States*, 362 U.S. 402, 402, 80 S. Ct. 788, 789 (1960)); *see also* 18 U.S.C. § 4241 ("The court shall grant [a motion to determine a defendant's competency], or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent.")  A court must conduct a competency hearing when there is information known to the court at the time of plea hearing sufficient to raise doubts about a defendant's competency, even if a defendant waived his right to appeal under a Rule 11 plea agreement.  *See Pate v. Robinson*, 383 U.S. 375, 385, 86 S. Ct. 836, 842 (1966); *United States v. White*, 887 F.2d 705, 709 (6th Cir. 1989).  The Federal Rules of Criminal Procedure require that the defendant understand the proceedings, the charges against him, his legal rights, and that the plea is voluntary.  *See* Fed. R. Crim. P 11(b).  "In determining a defendant's competence, courts consider several factors, such as 'evidence of a defendant's irrational behavior, [the defendant's] demeanor at trial, and any prior medical opinion on competence to stand trial.'" *United States v. Miller*, 531 F.3d 340, 348 (6th Cir. 2008) (quoting *Drope v. Missouri*, 420 U.S. 162, 180, 95 S. Ct. 896, 908 (1975)).  A trial court's determination of competency is a factual finding entitled to a presumption of correctness, and can only be refuted by clear and convincing evidence.  *Mackey v. Dutton*, 217 F.3d 399, 411, 413 (6th Cir. 2000).

In this case, at the plea hearing, the Court conducted a lengthy inquiry into Dover's mental health. (Plea Tr. at 4–6.) Dover told the Court that he was taking certain named drugs in response to a 1991 diagnosis of "manic depressive." (*Id.* at 5.) The Court inquired into whether those drugs—separately or in combination—prevented Dover from thinking clearly. (*Id.*) Dover stated that they help him think more clearly. (*Id.* at 6.) Dover also stated that he was thinking clearly that day. (*Id.*) The Court explained the seriousness of the proceedings and went on to ask Dover questions regarding the proceedings, charges, and Dover's rights. After each question, the Court asked "do you understand ...?" Dover responded in the affirmative at least twenty-five times. (*Id.* at 9–20.) The Court then made a finding that Dover was "fully competent and capable of making an informed plea" and that Dover was "acting knowingly and voluntarily, that he fully [understood] the charge, his rights, and the consequences of his plea." (*Id.* at 36–37.) The presentence report also addressed Dover's mental health treatment. (PSR ¶¶ 129–58.) However, none of the evidence before the Court suggested that Defendant lacked "a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings." *Dusky*, 362 U.S. at 402, 80 S. Ct. at 789. Moreover, the Government has introduced an affidavit from Dover's attorney, David Kaczor, stating that he had no reason to believe that Dover was suffering from a mental illness that made him unable to aid counsel in his own defense. (Kaczor Aff., Docket no. 9-1, Page ID 185.) To the contrary, Kaczor states that Dover was actively involved in his defense and he demonstrated that he was in control of his actions and decisions, making logical and reasonable decisions. Kaczor also states that he never witnessed any irrational conduct that would have raised concerns about Dover's mental competence. Thus, Dover has failed to establish that his mental illness prevented him from having a rational and factual understanding of the nature of the proceedings against him. The record

indicates that Dover understood the nature of the proceedings, his legal rights, and the consequences of his plea. Therefore, the Court concludes that Dover has not produced sufficient evidence to refute the Court's presumption of competency.

### D. Ineffective Assistance of Counsel

Next, Dover argues that he had ineffective assistance of counsel. In order to prevail on a claim for ineffective assistance of counsel, a petitioner must show that his counsel's performance was constitutionally deficient and that the deficiency prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2964 (1984). The burden is on the petitioner to show that his counsel's representation fell below an objective standard of reasonableness. *Id.* The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* at 688, 104 S. Ct. at 2065. According to the Supreme Court:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 100, 76 S. Ct. 158, 164 (1955)).

In this case, Dover argues that his trial attorney made six errors that demonstrate ineffective assistance of counsel: he (1) failed to properly investigate Dover's mental health, (2) failed to use Dover's mental health as a defense, (3) "had" Dover sign a blank plea agreement, (4) failed to prepare for trial, (5) failed to move to withdraw Dover's guilty plea, and (6) failed to introduce sworn statements by co-defendants as to Dover's innocence. Dover also argues that his appellate attorney failed to appeal the issue of Dover's competence to enter a plea agreement.

7

Regarding Dover's first claim for ineffective assistance, the Government has submitted an affidavit from Kaczor stating that Kaczor and his staff conducted a complete and thorough investigation of Dover's mental health status. (Kaczor Aff., Docket no. 9-1, Page ID 186.) Kaczor further attests that he had no reason to believe that Dover did not understand the charges against him or was unable to assist in his own defense, and Dover never mentioned that he believed he might not be competent to stand trial. Dover's mental health history is also reflected in Dover's Presentence Report. (PSR ¶¶ 129–58.) At his plea hearing, Dover was placed under oath and acknowledged that he had reviewed his plea agreement with his attorney. When asked, Dover stated that he was "definitely" satisfied with the assistance of his attorney. (Plea Tr. at 6–7.) The record corroborates that Kaczor investigated and brought to the Court's attention Dover's history of mental illness. Nonetheless, Dover's history of mental illness does not establish that Kaczor was ineffective or that his alleged failure to research Dover's mental illness prejudiced Dover.

For the remainder of Dover's ineffective assistance claims about Kaczor, Dover merely presents a laundry list of alleged omissions. Dover fails to present any argument as to why those omissions are constitutionally deficient or prejudiced Dover. Therefore, his remaining arguments about Kaczor lack merit and will be dismissed.

Finally, Dover argues that his appellate attorney was ineffective because he failed to raise on appeal that Dover was incompetent to enter a plea agreement. When a defendant argues that his appellate counsel was ineffective, a court applies the *Strickland* standard. *See, e.g.*, 466 U.S. at 687, 104 S. Ct. at 2964 ; *Goff v. Bagley*, 601 F.3d 445, 462 (6th Cir. 2010). In deciding whether appellate counsel was ineffective for failing to raise an issue on appeal, a court must assess the strength of the claim appellate counsel did not raise. *McFarland v. Yukins*, 356 F.3d 688, 700 (6th Cir. 2004). A defendant does not have a constitutional right to have appellate counsel raise every non-frivolous

issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 3312 (1983). "Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *Id.* at 699. "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002).

On appeal, Dover's appellate attorney chose to focus on Dover's sentence, not his plea agreement.  Dover's attorney successfully argued that the district court erred when it found that Dover obstructed justice under United States Sentencing Guideline § 3C1.1.  As a result, this Court reduced Dover's sentence from 78 months to 60 months.  As discussed above, Dover did not have a strong argument based on the record that his plea was not made knowingly and voluntarily.  Thus, it was not unreasonable for Dover's attorney to focus on other appellate arguments.

### E.  Actual Innocence

Next, Dover argues that he is innocent of the crime to which he pled guilty.  Specifically, Dover states that he was "unable to conform his conduct to the requirements of the law." (Docket no. 2, Page ID 30.)

During his guilty plea, Dover admitted his guilt and his role in the bank fraud offense.  (Plea Tr. at 22–29.)  For example, he admitted that he knowingly prepared documents containing false statements for purposes of inducing banks to make loans.  During the plea, the Court observed that it had "taken a lot of pleas" in the case and factual statements of co-defendants also implicated Dover in the scheme.  (Plea Tr. at 22.)  The Government also quoted excerpts of those guilty pleas during Dover's sentencing.  (Sent. Tr. at 12–36.)  Thus, there is substantial evidence to contradict Dover's claim of actual innocence.  Moreover, it is noteworthy that Dover's claim that he was

unable to conform his actions to the law is not the equivalent of actual innocence.  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623–24, 118 S. Ct. 1604, 1611 (1998).  Therefore, Dover has not established that he is actually innocent for purposes of obtaining a writ of coram nobis.

### F.  Government's Failure to Move for a § 5K1.1 Sentence Reduction

Dover also argues that the Court should grant a writ of coram nobis because the Government failed to make a motion to reduce Dover's sentence pursuant to United States Sentencing Guideline § 5K1.1.  Paragraph 7 of Dover's plea agreement states:

> The Government, in recognition of Defendant's anticipated assistance *may*, pursuant of U.S.S.G. § 5K1.1, request the Court to consider a downward departure of one (1) offense level.  The Defendant recognizes that *the decision to so act rests solely with the office of the United States Attorney* for the Western District of Michigan following both a good faith evaluation of the facts and circumstances of Defendant's assistance and compliance with internal review procedures.

(Plea Agreement, ¶ 7, Docket no. 2-4, Page ID 138 (emphasis added).)  Thus, by the terms of the agreement, the Government had sole discretion whether to move for a downward departure.  The parties agree that the Government did not make a § 5K1.1 motion.  The Government argues that Dover did not render substantial assistance in the prosecution of others, but rather Dover failed to accept responsibility, committed perjury, and obstructed justice.  Thus, the Government did not breach the plea agreement by not moving for a downward departure.

### G.  Defective Indictment

Finally, Dover argues that the bank fraud indictment failed to establish federal jurisdiction and was duplicitous.  First, Dover argues that the indictment failed to establish that the banks defrauded in Dover's case were "financial institutions" for purposes of 18 U.S.C. § 1344.  Second, Dover argues that the one-count indictment was duplicitous because it alleged that Dover both executed a scheme to defraud a financial institution and a scheme to obtain money.

Dover's first argument fails on procedural grounds. Federal Rule of Criminal Procedure 12(b)(3) states: "The following must be raised before trial ... (B) a motion alleging a defect in the indictment or information—but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3)(B). Since Dover's case is no longer pending, the alleged defect in the indictment may no longer be challenged. *See, e.g.*, *United States v. Hackworth*, 483 F. App'x 972, 979 (6th Cir. 2012). Even if Dover followed the proper procedure, the indictment specifically lists the financial institutions and cites to 18 U.S.C. § 20, the definition of a financial institution. Thus, Dover's argument would fail on the merits.

Second, Dover argues that the indictment was duplicitous. Duplicity is the joining of two or more distinct and separate offenses in a single count. Charles Alan Wright, et al., Federal Practice & Procedure (4th ed.), Federal Rules of Criminal Procedure, § 142 Misjoinder, Duplicity, and Multiplicity (2012). The issue of duplicity is one of statutory interpretation. *Id.* The vice of duplicity is that there is no way for a jury to convict on one offense and acquit on another offense contained in the same count. *Id.* A related problem is that the jurors have two crimes to consider in a single count, so they may convict without reaching a unanimous verdict on either. *Id.* "The test used by courts in deciding whether offenses are in fact separate is whether each requires proof of some fact that the other does not." *Id.* (citing *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1931)). Although a defendant may waive technical errors in an indictment under Rule 12(b)(3)(B) by not raising them, "the alleged harm to the defendant's substantive rights resulting from a duplicitous indictment can be raised at trial or on appeal, notwithstanding the defendant's failure to make a pretrial motion." *United States v. Kakos*, 483 F.3d 441, 444 (6th Cir. 2007). The rationale for the distinction is that "whereas Rule 12 applies only to defects in the

institution of criminal proceedings, a verdict rendered by a less-than-unanimous jury violates a defendant's Sixth Amendment rights by a harm that arises from the trial itself." *Id.* (citations omitted).

Citing *United States v. Savoires*, 430 F.3d 376 (6th Cir. 2005), Dover claims that the indictment against him sets forth two separate and distinct offenses within the same count. However, the indictment in *Savoires* for violation of 18 U.S.C. § 924(c) for using or carrying a firearm during and in relation to a drug trafficking crime, *and* possessing a firearm in furtherance of a drug trafficking crime, is distinguishable from the indictment in this case. Here, the indictment sets out a violation of the federal bank fraud statute, 18 U.S.C. § 1344, and aiding and abetting bank fraud, 18 U.S.C. § 2, which are not duplicitous. Further, unlike § 924(c), § 1344, has a disjunctive "or" between the types of actions that may violate the statute. Moreover, Dover offers no specific argument for why the indictment in this case was duplicitous and the Court finds none. Thus, Dover has failed to establish that the indictment was defective.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Dover's petition.

A separate order will enter.


Dated:  April 4, 2013                    _____/s/ Gordon J. Quist_____
                                          GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE